UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CRYSTAL STRUNK**                                                                                    **CIVIL ACTION**

**VERSUS**

**METHANEX USA, LLC**                                                  **NO. 22-cv-00793-BAJ-EWD**

<u>**RULING AND ORDER**</u>

On October 13, 2022, Plaintiff initiated this action, alleging various claims of gender-based discrimination against her employer Defendant Methanex USA, LLC. (Doc. 1; *see also* Doc. 5-2). Previously, Plaintiff exhausted her administrative remedies before the U.S. Equal Employment Opportunity Commission ("EEOC"), resulting in a Right To Sue letter dated July 14, 2022. (Doc. 1 ¶ 1; Doc. 5-2 ¶ 1). The Right To Sue letter, which was delivered to Plaintiff *and* to Plaintiff's counsel the same day that it issued, stated on its face that any subsequent lawsuit "**must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**[,] or your right to sue based on this charge will be lost." (Doc. 12-1).

Now, Defendant moves to dismiss Plaintiff's action, solely because it was filed 91 days after Plaintiff received her Right To Sue letter. (Doc. 9-1). In response, Plaintiff concedes that she filed her complaint "one (1) day late." (Doc. 11-1 p. 4). Nonetheless, Plaintiff opposes dismissal, arguing that equitable tolling saves her claims because (1) at the time she received her Right To Sue letter she was "on bedrest due to preeclampsia, a life-threatening condition," which ultimately resulted in "a preterm caesarean birth of her child on August 31, 2022"; and (2) Plaintiff's symptoms

persisted even after her baby's birth, incapacitating her until late October 2022, and even causing her to apply for short-term disability benefits. (Doc. 11-1 pp. 1-2; *see also* Doc. 16).[1]

Title VII provides that a plaintiff has 90 days to file a civil suit after receiving a Right to Sue letter. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). "The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). As such, it is "subject to equitable tolling." *Id.* That said, "equitable tolling applies only in rare and exceptional circumstances," *id.*, when the plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (quotation marks, alterations, and citations omitted).

Here, it is undisputed that Plaintiff's action is untimely on its face, filed one day after the 90-day limitations period expired. *See Taylor*, 296 F.3d at 379. The only question is whether equitable tolling saves Plaintiff's claims. To be sure, "in the right

---

[1] On November 3, 2022, the Court granted Plaintiff leave to supplement her opposition to Defendant's Motion To Dismiss with an affidavit attesting to her medical condition between August and October 2022. (*See* Docs. 14, 15, 16). Now, Defendant requests that Plaintiff's affidavit be stricken, because "[t]his evidence is not attached to or referenced in her Complaint and [is] not central to her Title VII claims." (Doc. 17-1 at 3). The U.S. Court of Appeals for the Fifth Circuit, however, has long permitted plaintiffs pursuing otherwise untimely employment discrimination actions to submit affidavits and other evidence in support of an equitable tolling claim. *See Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1119 (5th Cir. 1978) ("[I]f a party wishes to withstand a motion to dismiss his ADEA suit on the basis of equitable tolling principles, he must make some minimal effort (if he can) to apprise the District Court, either by way of complaint, affidavit, or otherwise, of facts which would justify such an exceptional step."). Defendant's Motion To Strike (Doc. 17) will be denied.

circumstances, a physical malady might support equitable tolling[.]" *Carline v. Vannoy*, No. 16-cv-734, 2019 WL 7563201, at *3 (M.D. La. Aug. 14, 2019) (Wilder-Doomes, M.J.), *adopted*, 2020 WL 130138 (M.D. La. Jan. 10, 2020) (Jackson, J.). Here, however, Plaintiff's circumstances do not justify such relief. Significantly, Plaintiff was represented by the same attorney in her EEOC administrative claim as in this action. (*See* Doc. 12-1). She admits in her opposition papers that the work required to translate her EEOC claim into her original complaint was not substantial—indeed, it was accomplished over-the-phone, in a single day. (*See* Doc. 11-1 p. 3; Doc. 16). Understandably, "[f]or the sake of the unborn baby, … Plaintiff [decided that she] was in no condition mentally or physically to move forward with" her lawsuit immediately upon receiving the July 14 Right To Sue letter. (Doc. 11-1 p. 2). But even if Plaintiff's condition persisted for some time after she delivered her baby on August 31, 2022, she has failed to produce specific evidence showing that she lacked any ability whatsoever to communicate with counsel for the *entirety* of the six weeks between August 31 and October 12, 2022 (the filing deadline). To the contrary, Plaintiff's application for short-term disability benefits—which Plaintiff includes in her opposition papers—indicates that she was *not* completely incapacitated, and states merely that Plaintiff "needs time off to recover from delivery + care + bond [sic] with new baby." (Doc. 11-5 p. 2).

In sum, Plaintiff (1) was, at all relevant times, represented by the same attorney; (2) admits that she and her attorney promptly received the EEOC Right To Sue Letter; (3) further admits that the work required to produce her complaint

3

consisted merely of a few phone calls over the course of a single day; and (4) has failed to produce specific evidence establishing that these phone calls could not have occurred at any point prior to October 12, 2022. This is not the exceptional case that merits equitable tolling. *E.g.*, *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) (affirming dismissal of plaintiff's Title VII claims and rejecting plaintiff's equitable tolling argument that "mental incapacity rendered her unable to pursue her legal rights," where plaintiff retained counsel before the EEOC filing deadline expired and failed to explain why counsel could not have timely handled the filing of the EEOC charge (citing authorities)); *accord Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("We are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." (citing authorities)).

The Court is sympathetic to Plaintiff's position. What may otherwise be meritorious claims of workplace discrimination must necessarily fail because they were filed one day late. But mere sympathy cannot justify equitable tolling, particularly when, as here, Plaintiff was represented by counsel, yet still failed to timely pursue her claims. *E.g.*, *Carter v. Texas Dep't of Health*, No. 03-cv-138, 2004 WL 569518, at *3 (W.D. Tex. Feb. 26, 2004) (Furgeson, J.) (errors by counsel are not grounds for equitable tolling even in a sympathetic case), *aff'd*, 119 F. App'x 577 (5th Cir. 2004); *Marse v. Sullivan*, No. 91-cv-1816, 1992 WL 319643, at *2 (E.D. La. Oct. 26, 1992) (Duplantier, J.) ("Although I am sympathetic to their various illnesses, plaintiff and his counsel have not shown such 'exceptional circumstances' as to

4

warrant equitable tolling.").

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss (Doc. 9)** be and is hereby **GRANTED**, and that Plaintiff's claims be and are hereby **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Defendant's **Motion To Strike Plaintiff's Evidence Filed In Support Of Her Opposition To Defendant's Motion To Dismiss (Doc. 17)** be and is hereby **DENIED**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 15th day of September, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

5